IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRETTA H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-03052-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Commissioner, Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Gretta H's[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). As explained in this Memorandum Opinion and Order, the Commissioner's decision is reversed and remanded for further administrative proceedings consistent with this opinion.

## Background

Plaintiff, who lives in Texas, alleges that she is disabled due to a variety of impairments, including inflammatory polyarthritis, fibromyalgia, mitral valve

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

disease, hypertension, chronic obstructive pulmonary disease (COPD), and a mood disorder. *See* Pl.'s Br. 1 (ECF No. 19); Tr. 23, 231. (ECF No. 14-1). After her applications for disability insurance benefits (DIB) and supplemental security income (SSI) were denied initially and on reconsideration, an Administrative Law Judge (ALJ) in Pittsburgh, Ohio, held an administrative hearing on January 20, 2021.[2] Plaintiff was 53 years old at the time of the hearing. Tr. 201. She has a high school education and past work experience as a trimming machine operator. Tr. 29. Plaintiff has not engaged in substantial gainful activity since her alleged onset date of January 11, 2019. Tr. 23.

On February 8, 2021, the ALJ issued a decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from her alleged onset date through the date of the decision, and thus she is not entitled to DIB or SSI. *See* Tr. 18 & 22. The ALJ determined that Plaintiff suffered from fibromyalgia, COPD, inflammatory polyarthritis, hypertension, mitral valve disease, and a mood disorder, and that these impairments were severe, but that she did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. Tr. 16, 23. The ALJ also determined that Plaintiff had

---

[2] Due to extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic, all participants attended the hearing by telephone. Tr. 26.

the Residual Functional Capacity (RFC) to perform a limited range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Tr. 25. The ALJ further determined that Plaintiff was unable to perform her past relevant work, but that given her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform. Tr. 29. Based on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff could work as a photocopy machine operator, a folding machine operator, or an electrical accessories assembler, and that these jobs exist in significant numbers in the national economy. Tr. 29, 30.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council affirmed the decision. Tr. 1. Plaintiff then filed this action in the federal district court. *See* Compl. (ECF No. 1).

## Legal Standards

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (first citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); and then citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues de novo, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v.*

5

*Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## Analysis

Among Plaintiff's several arguments is one that compels remand: the Commissioner failed to carry her burden at step 5 to establish the existence of a significant number of jobs available that Plaintiff can perform. Pl.'s Br. 1.

In establishing the existence of a significant number of jobs available, the ALJ may rely on VE testimony in response to hypothetical questions or on the "the Grids," the Medical-Vocational Guidelines promulgated for this determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Bowling*, 36 F.3d at 435; 20 C.F.R. Pt. 404, Subpt. P, App. 2. Here, the ALJ relied solely on the testimony of the VE to determine that "the claimant is capable of making a successful

6

adjustment to other work that exists in significant numbers in the national economy." Tr. at 30.[3] Specifically, the ALJ accepted the VE's testimony that 9,000 photocopy machine operator jobs, 2,900 folding machine operator jobs, and 9,000 electrical accessories assembler jobs—20,900 total jobs—exist in the national economy, and the ALJ found that such numbers are sufficient to constitute "jobs that exist in significant numbers in the national economy." Tr. 29-30. The ALJ did not find—and there is no evidence in the record—that any number of these jobs exists in Texas or the region in which Plaintiff lives.

> Under the Social Security Act, the statutory definition of disability is:
>
> [A]n individual . . . [whose] . . . physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C.A. § 1382c(a)(3)(B) (Definitions). "For purposes of the preceding

---

[3] *See* Tr. 30 ("If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.13. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.")

sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* "Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant lives] are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566. However, "it does not matter whether . . . [w]ork exists in the immediate area in which [the claimant] live[s]." *Id.*

The Fifth Circuit has not established a bright-line rule for what constitutes "significant numbers" of jobs, nor has the court set forth a test for this determination. *See Lirley v. Barnhart*, 124 Fed. Appx. 283 (5th Cir. 2005). Although, in an unpublished opinion, the court affirmed an ALJ's decision that 50,000 jobs in the national economy was a significant number. *Id.*

In the absence of clear guidance from the Fifth Circuit, some district courts have adopted a test outlined by the Sixth Circuit in *Hall v. Bowen*, where a number of factors are considered in determining whether significant numbers of jobs exist that a claimant can perform, such as "the level of claimant's disability; the reliability of the [VE]'s testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988); *see also Escatel v. Colvin*, 2015 WL

8

2379113, at *7 (N.D. Tex. May 18, 2015) (Boyle, J.) (collecting cases) (citing *Caronia v. Colvin*, 2013 WL 5192904, at *7 (N.D. Tex. 2013) (Means, J.) (applying *Hall* and finding 2,000 to 3,000 jobs in Texas and 50,000 in national economy sufficient); *Thompson v. Astrue*, 2010 WL 2816677, at *7 (N.D. Tex. 2010) (Kaplan, J.) (applying the *Hall* factors and finding that 105,000 jobs in the national economy was sufficient), adopted by 2010 WL 2816680 (N.D. Tex. 2010) (Fish, J.); *Doddy v. Comm'r*, 2014 WL 1268567, at *7 (E.D. Tex. 2014) (citing to *Hall* and finding that 3,400 jobs in the state and 61,000 jobs in the national economy represented a significant number); *Merical v. Sec'y of Health and Human Serv.*, 892 F. Supp. 843, 847 (E.D. Tex. 1995) (relying on *Hall* and holding that 870 jobs in Texas was not a "significant number."); *see also* *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (adopting *Hall* and holding 650–900 jobs in the claimant's state was sufficient); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (citing *Hall* and affirming 500 regional jobs as sufficient); *Johnson v. Chater*, 108 F.3d 178, 180 & n. 3 (8th Cir. 1997) (citing *Hall* and affirming ALJ's finding of 200 local and 10,000 national jobs sufficient); *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (citing *Hall* and affirming 1,400 in the greater Milwaukee metropolitan area which has a work force of 750,000 jobs sufficient)).

Plaintiff argues that the ALJ's reliance on the VE's unsubstantiated testimony that 9,000 photocopy machine operator jobs, 2,900 folding machine

9

operator jobs, and 9,000 electrical accessories assembler jobs exist in the national economy does not satisfy the Commissioner's step five burden. *See* Pl.'s Br. 7-8. Indeed, as Plaintiff argues, recent decisions by courts in this district have found larger numbers of jobs insufficient evidence to establish the existence of a significant number of jobs in the national economy. For example, in *Adrienne W. v. Berryhill*, 2018 WL 4403467, at *1, 3-4 (N.D. Tex. Aug. 24, 2018) (Rutherford, J.), the court rejected the ALJ's decision that significant jobs existed in the economy based on VE testimony that there were 16,000 jobs nationally as a call out operator and 17,000 jobs nationally as a surveillance system monitor. Similarly, in *Morgan v. Colvin*, 2016 WL 5369495, at *10 (N.D. Tex. Sept. 6, 2016), *rec. accepted*, 2016 WL 5341305, at *1 (N.D. Tex. Sept. 23, 2016) (Lindsay, J.), the court rejected an ALJ's decision denying benefits to a claimant where the ALJ relied solely upon the testimony of the VE to determine that there were a significant number of jobs that Plaintiff could perform. The ALJ found that 17,000 jobs nationally for a surveillance system monitor and 16,000 jobs nationally as a school bus monitor were a significant number of jobs for Plaintiff's RFC. *Id.* But, the court remanded the ALJ's decision because the VE's testimony on the number of school bus monitor jobs was insufficient and the number of surveillance system monitor jobs had been found by other courts in the Fifth Circuit as insufficient evidence of a significant number of jobs in the national economy. *Id.*

10

Although the Commissioner argues that other courts have found job numbers similar to those found by the ALJ in Plaintiff's case to constitute a significant number of jobs, Plaintiff correctly points out, *see* Reply 2, that the particular case relied on by the Commissioner supporting this contention—*Mercer v. Halter*, 2001 WL 257842, at *6 (N.D. Tex. Mar. 9, 2001) (500 jobs in Texas and 5,000 jobs nationwide sufficient)—is an older decision that has been called into question by more recent decisions on this issue. *See Nolte v. Saul*, 2021 WL 1379552 (N.D. Tex. Mar. 16, 2021), report and recommendation adopted, 2021 WL 1378777 (N.D. Tex. Apr. 12, 2021) (Lynn, C.J.) (noting that more recent decisions have not followed *Mercer*). Additionally, the ALJ in *Mercer* made a specific finding regarding the number of jobs available in the claimant's home state, rather than the much larger "national economy."

Here, neither the ALJ nor the VE discussed the *Hall* factors, and the Court cannot consider them in the first instance. Indeed, there is no evidence in the record to explain or substantiate the VE's conclusory statements regarding the number of jobs available. Further, although it is not required, the ALJ did not identify whether the jobs identified existed in Plaintiff's region—leaving the possibility that they could be isolated jobs that exist only in a few locations outside of the region where Plaintiff lives. The Court thus finds that there is a lack of substantial evidence to support the Commissioner's step 5 finding that Plaintiff

11

could perform other work that exists in significant numbers in the national economy. *See Adrienne W.*, 2018 WL 4403467 (citations omitted). Therefore, this case is remanded. *See Johnson*, 2016 WL 1212436, at *4.

Because the Court reverses the Commissioner's decision on this ground, the Court pretermits consideration of Plaintiff's remaining arguments as she can raise them upon remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## ORDER

The final decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

**SO ORDERED.**

December 30, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

12